**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**CESAR BENITEZ ARZATE,**

       **Petitioner,**

v.                                            **Civil Action No. 2:06cv120**
                                               **Criminal Action No. 2:01cr13**
                                               **(Judge Maxwell)**

**UNITED STATES OF AMERICA,**

       **Respondent.**

**OPINION/REPORT AND RECOMMENDATION**

On December 8, 2006, the *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. This case is before the undersigned for a preliminary review and report and recommendation pursuant to Standing Order No. 4 and LR PL P 83.01, <u>et</u> <u>seq.</u>

**I. Procedural History**

**A. Petitioner's Conviction and Sentence**

On June 13, 2001, the petitioner was named in a three-count indictment issued by a grand jury sitting in the Northern District of West Virginia. Count one charged that the petitioner conspired to distribute narcotics in violation of 21 U.S.C. §§ 841(a)(1). Counts two and three charged the petitioner with racketeering in violation of 18 U.S.C. § 1952(a)(3).

On August 23, 2001, the petitioner pled guilty to count one of the indictment, which specifically charged him with conspiracy to distribute more than 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, also known as crank. On July

15, 2002, the petitioner was sentenced to 151 months imprisonment to be followed by five years supervised release. The petitioner did not directly appeal his conviction and sentence at the time it was originally imposed.

## B. **Petitioners' First Federal Habeas**

On July 17, 2003, the petitioner filed a Motion to Vacate under 28 U.S.C. § 2255. In the motion, the petitioner asserted the following grounds for relief:

(1) the plea colloquy failed to establish a factual basis for the guilty plea;

(2) the guilty plea was unknowing and involuntary; and

(3) ineffective assistance of counsel for

(a) failing to file a notice of appeal,

(b) failing to explain the nature of the charges against him and the law pertinent to them as well as the consequences of pleading guilty,

(c) failing to object to the fact that there was no factual basis on the record for a guilty plea,

(d) failing to inform the court that the petitioner's prior conviction was an uncounseled conviction that could not be used to enhance his federal sentence under the guidelines.

On July 18, 2003, the undersigned conducted a preliminary review of the motion and determined that summary dismissal was not warranted at that time. Therefore, the government was directed to file a response.

On August 15, 2003, the government filed a Motion to Dismiss. The petitioner filed his reply to that motion on September 5, 2003.

On August 17, 2004, the Court ordered the petitioner to answer the Court's interrogatories with respect to his claim of ineffective assistance of counsel for failure to file an appeal.

2

On August 26, 2004, the petitioner filed an Affidavit in support of the Court's Interrogatories. Moreover, on September 16, 2004, the petitioner filed an affidavit by his wife, Norma Benitez.

On September 19, 2005, after conducting four evidentiary evidentiary hearings on the matter, the undersigned issued a Report and Recommendation ("R&R") that recommended the petitioner's § 2255 motion be granted in part and denied in part. Specifically, with respect to the petitioner's claim of ineffective assistance of counsel for the failure to file an appeal, the undersigned recommended that the petitioner's motion be granted and that he be resentenced so that he may pursue a direct appeal. With respect to the remaining grounds, the undersigned recommended that those grounds be denied for the reasons set forth therein.

On March 10, 2006, the Honorable Robert E. Maxwell, United States District Judge, adopted the findings in the R&R and resentenced the petitioner that same day.

## C. Direct Appeal

As a result of his resentencing, the petitioner filed a direct appeal on March 13, 2006.[1] In his appeal, the petitioner raised the following ground for relief:

(1) that his guilty plea is invalid because his interpreter was not certified under the Court Interpreters Act, 28 U.S.C. §§ 1827-28.

On October 16, 2006, the Fourth Circuit Court of Appeals denied the petitioner's direct appeal in an unpublished, *per curiam* opinion. See dckt. 65. In its opinion, the Fourth Circuit found that the petitioner did not object to the non-certification of his Spanish interpreter. In fact, the Fourth Circuit expressly found that the petitioner chose the services of that particular interpreter, in

---

[1] On appeal, the petitioner was represented by the Federal Public Defender, Brian J. Kornbrath.

lieu of the court-certified interpreter originally provided to him by the court and used at his arraignment. Id. Therefore, the Court of Appeals found no error in the district court's decision to allow the petitioner to use the services of the interpreter in question. Id. Mandate issued on November 7, 2006. See dckt. 68.

## D. Petitioners' Second Federal Habeas

On December 28, 2006, the petitioner filed his second federal habeas corpus motion. In this motion, the petitioner asserts one ground for relief:

(1) that his plea was not knowing, intelligent, or voluntary, because the petitioner could not effectively communicate with the non-certified interpreter used by his defense counsel.

In support of this claim, the petitioner asserts that the Spanish interpreter employed by defense counsel to review and discuss the plea agreement was not certified and lacked experience. Therefore, the petitioner asserts that he could not understand the nature of the plea agreement, what took place at the guilty plea hearing, and his exposure to penalty under the Federal Sentencing Guidelines. In addition, the petitioner asserts that the same interpreter was used at his sentencing proceeding and that he was unable to understand the proceedings against him.

## II. Analysis

## A. Petitioner's Claim that his Plea was not Knowing, Intelligent or Voluntary

Regarding a second or successive federal habeas corpus, 28 U.S.C. § 2255 states:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review

by the Supreme Court, that was previously unavailable.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F. 3d 370 (4th Cir. 2002).

In ground two of the petitioner's first § 2255 motion, the petitioner asserted that his plea was not knowing and voluntary. More specifically, the petitioner asserted that he was confused and misled, that he was never advised on the elements of the charge, that he had minimal education and that he had little familiarity with the American legal system. However, based on the petitioner's statements given during his Rule 11 hearing, the Court determined that the petitioner's plea was voluntary and knowing. See Report and Recommendation (dckt. 55) at 11 (quoting Fields v. Attorney Gen. of Maryland, 956 F.2d 1290, 1299 (4th Cir.), cert. denied, 506 U.S. 885 (1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy.").

There is no doubt that the issue raised in the instant petition, whether the petitioner's plea was knowing and voluntary, was addressed on the merits of the petitioner's first federal habeas petition. In fact, the issue of whether the petitioner understood the proceedings surrounding his plea agreement is one of the exact issues decided by the Court in the petitioner's prior § 2255 proceedings. Moreover, to the extent that the petitioner asserts a more specific claim with regard his interpreter, that issue was known to the petitioner at the time his first federal habeas petition was filed and should have been raised at that time. Thus, this claim is successive and should be dismissed accordingly.

**B.  The Petitioner's Claim Regarding the Lack of Certification of his Spanish Interpreter**

In this claim, the petitioner asserts that his Spanish interpreter was not properly certified and lacked experience.  However, this issue has already been raised and decided on direct appeal and cannot therefore, be reconsidered absent a showing of a change in the law.  Davis v. United States, 417 U.S. 333 (1974); Boeckenhaupt v. United States, 537 F. 2d 1182 (4th Cir. 1976).  Because the petitioner has failed to make the requisite showing, this claim should be denied.

**III.  Recommendation**

For the reasons set forth herein, the undersigned recommends that the petitioner's § 2255 motion (dckt. 1/69) be DENIED with prejudice.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge.  The failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Order to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.  The Clerk is further directed to provide copies of this Order to all counsel of record, as applicable, as provided in the

Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: August 9, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES DISTRICT JUDGE